849 F.2d 1472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GENERAL CLOTHING INDUSTRIES, INC., Petitioner, Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Petitioner.
 Nos. 87-6017, 87-6166.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner and cross-respondent General Clothing Industries, Inc. ("the Company") petitions this court to review and set aside an order of the National Labor Relations Board ("the Board") finding the company in violation of sections 8(a)(1), (3) and (5) of the National Labor Relations Act, 29 U.S.C. Sec. 151 et seq. The Board has cross-petitioned this court seeking enforcement of its order.
 
 
 2
 In April 1986, the Company's employees engaged in an organizational strike, which resulted in the recognition of Local No. 3-951 of the Oil, Chemical and Atomic Workers' International Union ("the Union") at the Company. On April 17, 1986, a collective bargaining agreement was reached between the Union and the Company that contained a no-strike clause providing that employees who did strike the Company would be deemed to have quit their employment. The agreement further provided that any amendment or modification of the agreement required a separate writing.
 
 
 3
 On July 17, 1986, twelve employees of the Company went out on strike as a result of a dispute regarding wages, working conditions, and the Company's stance toward the Union (which the employees felt was anti-Union). The Union representative, however, encouraged the employees to return to work, advising them that pursuant to the no-strike clause of the agreement, the employees were jeopardizing their continued employment. The representative also met that afternoon with a representative of the Company to discuss the strike situation. According to the Union representative, an oral strike settlement agreement was reached at the meeting in which it was agreed that the employees would be reinstated (with one short suspension), provided they discontinued picketing and returned to work on Monday, July 21, 1986. The Company, however, denied that any such agreement was reached at the meeting and, accordingly, refused to reinstate the employees. Later, on August 5, 1986, and again on September 4, 1986, the Company refused to accept grievances on behalf of these individuals since it felt they were no longer employees of the Company.
 
 
 4
 On appeal the Company argues (among other things) that the Board erred in finding a settlement agreement was reached at the meeting of July 17, 1986, and that even if such an agreement was reached, its breach should not be considered an unfair labor practice under sections 8(a)(1), (3) or (5). The Company also argues that the Board erred in finding that the Company's failure to accept grievances on behalf of these employees constituted a violation of sections 8(a)(1) and (5).
 
 
 5
 Upon consideration of the entire record, briefs, and arguments, we deny the Company's petition and grant enforcement of the Board's order for the reasons set forth in the Board's decision and order, 285 N.L.R.B. No. 79 (1987).